FILED
2017 Nov-03  AM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **GREGORY GRAY, II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | |
| **MADISON COUNTY, ALABAMA** ) | _____ |
| **SHERIFF'S DEPARTMENT;** ) | **(JURY DEMAND)** |
| ) | |
| **MADISON COUNTY, ALABAMA;** ) | |
| ) | |
| **THE MADISON COUNTY,** ) | |
| **ALABAMA COMMISSION;** ) | |
| ) | |
| **BLAKE L. DORNING in his Official** ) | |
| **Capacity as Sheriff of Madison County,** ) | |
| **Alabama and in his Individual Capacity;** ) | |
| ) | |
| **DAVID K. JERNIGAN in his Official** ) | |
| **Capacity as Chief Deputy Sheriff of** ) | |
| **Madison County, Alabama and in his** ) | |
| **Individual Capacity;** ) | |
| ) | |
| **DALE W. STRONG in his Official** ) | |
| **Capacity as Chairman of the Madison** ) | |
| **County, Alabama Commission and in his** ) | |
| **Individual Capacity;** ) | |
| ) | |
| **ROGER JONES, Commissioner,** ) | |
| **Madison County, Alabama District One,** ) | |
| **in his Official Capacity as a** ) | |
| **Commissioner of the Madison County,** ) | |
| **Alabama Commission and in his** ) | |

Individual Capacity;                          )
                                              )
STEVE HARAWAY, Commissioner,                  )
Madison County, Alabama District              )
Two, in his Official Capacity as a            )
Commissioner of the Madison County,           )
Alabama Commission and in his                 )
Individual Capacity;                          )
                                              )
CRAIG HILL, Commissioner,                     )
Madison County, Alabama District              )
Three, in his Official Capacity as a          )
Commissioner of the Madison County,           )
Alabama Commission and in his                 )
Individual Capacity;                          )
                                              )
DEFENDANT PHIL VANDIVER,                      )
Commissioner, Madison County,                 )
Alabama District Four, in his Official        )
Capacity as a Commissioner of the             )
Madison County,  Alabama Commission           )
and in his Individual Capacity;               )
                                              )
PHIL RIDDICK, Commissioner,                   )
Madison County, Alabama District Five,        )
in his Official Capacity as a                 )
Commissioner of the Madison County,           )
Alabama Commission and in his                 )
Individual Capacity;                          )
                                              )
JERMIE HOWELL in his Official                 )
Capacity as Director of the Personnel/        )
Human Resources Department of                 )
Madison County, Alabama and in his            )
Individual Capacity; and,                     )
                                              )
PAM FLORY in her Official Capacity            )
As Deputy Director of the Personnel/          )

**Human Resources Department of**   )
**Madison County, Alabama and in her** )
**Individual Capacity,**      )
               )
_____ **Defendants.** )

## COMPLAINT

## I. INTRODUCTION

1.  This is an action for legal and equitable relief to redress discrimination, harassment, and unlawful retaliation against the plaintiff, Deputy Gregory Gray, II ("Deputy Gray"). The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a, (hereinafter "Title VII"); and the Fourteenth Amendment to the Constitution of the United States. Deputy Gray asserts his claims for relief for violations of the Fourteenth Amendment through 42 U.S.C. §1983 (hereinafter "§1983"). Deputy Gray requests a trial by jury of all issues triable by a jury.

## II. JURISDICTION

2.  Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343(a)(3) and 1343 (a)(4); 42 U.S.C. §2000e-5 (Title VII); and, the Fourteenth Amendment to the Constitution of the United States --- through 42 U.S.C. §1983.

## III. VENUE

3.  The unlawful employment practices challenged in this action occurred in

Madison County, Alabama. Venue is proper pursuant to 28 U.S.C. §§1391(b) and 42 U.S.C. §2000e-5.

## IV.   <u>ADMINISTRATIVE PREREQUISITES</u>

4.   Deputy Gray has met all administrative conditions precedent for the filing of this case under Title VII. Deputy Gray timely filed Charges of Discrimination with the United States Equal Employment Opportunity Commission ("the EEOC" and/or "EEOC") on September 9, 2016 (EEOC Charge Number 420-2016-03446) and thereafter filed an Amended Charge on October 25, 2016 (420-2017-00233), copies of which are attached hereto as Exhibits A and B. On August 9, 2017, Notices of Rights to Sue were issued by the United States Department of Justice ("the DOJ" and/or "DOJ") regarding Gray's EEOC Charge Numbers 420-2016-03446 and 420-2017-00233, copies of which are attached hereto as Exhibits C and D. Deputy Gray received said Notices of Right to Sue from the DOJ on August 26,2017. Deputy Gray is timely filing this suit within ninety (90) days of his receipt of said Notices of Right to Sue.

## V.   <u>PARTIES</u>

5.   Plaintiff Gregory Gray, II ("Deputy Gray") is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of Madison County, Alabama and the State of Alabama.

6.   Defendant the Madison County, Alabama Sheriff's Department ("the

Sheriff's Dept.") was and is Deputy Gray's employer and employs more than fifteen (15) employees, and, therefore, is an "employer" for Title VII purposes.

7.     Defendant Sheriff Blake L. Dorning ("Sheriff Dorning"), in his official capacity as the Sheriff of Madison County, Alabama, was and is Deputy Gray's employer and employs more than fifteen (15) employees, and, therefore, is an "employer" for Title VII purposes. Sheriff Dorning is a state actor for purposes of 42 U.S.C. §1983. Sheriff Dorning is sued in his Official Capacity and is sued in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Sheriff Dorning is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama. Sheriff Dorning is the current Sheriff of Madison County and has served in that position at all times material to this action.

8.     Defendant Madison County, Alabama ("Madison County") was and is Deputy Gray's employer and employs more than fifteen (15) employees, and, therefore, is an "employer" for Title VII purposes.

9.     Defendant the Madison County, Alabama Commission (Commission Chairman Dale W. Strong and Commissioners Roger Jones, Steve Haraway, Craig Hill, Phil Vandiver, and Phil Riddick collectively "the Commission") was and is Deputy Gray's employer and employs more than fifteen (15) employees, and, therefore, is an "employer" for Title VII purposes.

10.     Defendant David K. Jernigan ("Chief Deputy Sheriff Jernigan") is the former Chief Deputy Sheriff of Madison County, Alabama and served in that position at all times material to this action. Chief Deputy Sheriff Jernigan is a state actor for purposes of 42 U.S.C. §1983. Chief Deputy Sheriff Jernigan is sued in his Official Capacity and is sued in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Chief Deputy Sheriff Jernigan is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama. Chief Deputy Sheriff Jernigan is no longer Chief Deputy Sheriff of Madison County, Alabama. Chief Deputy Sheriff Jernigan is now the Chief of Police for Madison, Alabama.[1]

11.     Defendant Dale W. Strong ("Chairman Strong") is the Chairman of the Madison County, Alabama Commission and served in that position at all times material to this action. Chairman Strong is sued in his Official Capacity as Chairman of the Madison County, Alabama Commission and in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Chairman Strong is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of

---

[1] Although Jernigan is no longer Chief Deputy Sheriff of Madison County, Alabama, Deputy Gray will refer to Jernigan as "Chief Deputy Sheriff Jernigan" in this his Complaint. Even though Chief Deputy Sheriff Jernigan is no longer employed by the Sheriff's Dept., Chief Deputy Sheriff Jernigan continues to involve himself in matters having to do with the Sheriff's Dept., including, but not limited to, training classes/seminars for employees of the Sheriff's Dept.

the State of Alabama. Chairman Strong and the other Madison County, Alabama Commissioners named as defendants herein are collectively also known and also collectively identified herein as "the Commission".

12.    Defendant Roger Jones ("Commissioner Jones") is the Commissioner for Madison County, Alabama Commission District One and served in that position at all times material to this action. Commissioner Jones is sued in his Official Capacity as a Commissioner of the Madison County, Alabama Commission and in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Commissioner Jones is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

13.    Defendant Steve Haraway ("Commissioner Haraway") is the Commissioner for Madison County, Alabama Commission District Two and served in that position at all times material to this action. Commissioner Haraway is sued in his Official Capacity as a Commissioner of the Madison County, Alabama Commission and in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Commissioner Haraway is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

14.    Defendant Craig Hill ("Commissioner Hill") is the Commissioner for

Madison County, Alabama Commission District Three and served in that position at all times material to this action. Commissioner Hill is sued in his Official Capacity as a Commissioner of the Madison County, Alabama Commission and in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Commissioner Hill is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

15.    Defendant Phil Vandiver ("Commissioner Vandiver") is the Commissioner for Madison County, Alabama Commission District Four and served in that position at all times material to this action. Commissioner Vandiver is sued in his Official Capacity as a Commissioner of the Madison County, Alabama Commission and in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Commissioner Vandiver is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

16.    Defendant Phil Riddick ("Commissioner Riddick") is the Commissioner for Madison County, Alabama Commission District Five and served in that position at all times material to this action. Commissioner Riddick is sued in his Official Capacity as a Commissioner of the Madison County, Alabama Commission and in his Individual Capacity pursuant to §1983 for violations of

Title VII and for violations of the Fourteenth Amendment as further set out herein. Commissioner Riddick is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

17.     Defendant Jermie Howell ("Director Howell") is the Director of the Personnel/Human Resources Department of Madison County, Alabama ("the Personnel Dept."; "the Personnel/HR Dept."; "the HR Dept."; and/or, "HR") and served in that position at all times material to this action. Director Howell is sued in his Official Capacity and in his Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Director Howell is a male citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

18.     Defendant Pam Flory ("Deputy Director Flory") is the Deputy Director of the Personnel/Human Resources Department of Madison County, Alabama ("the HR Dept." and/or "HR") and served in that position at all times material to this action. Deputy Director Flory is sued in her Official Capacity and in her Individual Capacity pursuant to §1983 for violations of Title VII and for violations of the Fourteenth Amendment as further set out herein. Deputy Director Flory is a female citizen of the United States over the age of nineteen (19) years and is a resident citizen of the State of Alabama.

## VI.     <u>STATEMENT OF FACTS AND CLAIMS</u>

19.     The Sheriff's Dept.'s; Madison County's; and, the Commission's policies and procedures for their employees, to which Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow, regarding complaining about and reporting harassment are, in pertinent part:

A.     Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

> 1.     "…**Section 1.**     (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.
> (b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….
>
> …
>
> **Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:
>
> **…**
>
> (c) All employees of the county sheriff;
>
> …"

B.     The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom and which was in effect and applicable at all times material to

this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…

c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
…

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…
…"

20.    On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

21.    The Sheriff's Dept., Sheriff Dorning, Chief Deputy Sheriff Jernigan, Madison County, Chairman Strong, Director Howell, and Deputy Director Flory stressed and made it clear to employees of the Sheriff's Dept. that they were also employees of Madison County, Alabama ("Madison County") and that, pursuant to its policy and custom, they were to report their being sexually harassed or behavior that may have violated the anti-harassment policy of the Sheriff's Dept. and/or Madison County, and/or the Commission not only to their immediate supervisor

and/or the chain of command in the Sheriff's Dept. but also to Director Howell, Deputy Director Flory, Madison County Administrator Kevin Jones ("Madison County Administrator Jones") and/or Chairman Strong. More specifically, the policy and procedure, as adopted on or about December 15, 2016, provided,

> *"...There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment."*

22.     The Sheriff's Dept., Sheriff Dorning, Chief Deputy Sheriff Jernigan, Chairman Strong, Director Howell, and Deputy Director Flory made it clear to employees of the Sheriff's Dept.:

A.     That the duty and responsibility for investigating, handling, and resolving complaints and reports of sexual harassment or behavior that may have violated the anti-harassment policies of the Sheriff's Dept., Madison County, and/or the Commission had been delegated by the Sheriff's Dept., Sheriff Dorning, and Chief Deputy Sheriff Jernigan to its agents Director Howell, Deputy Director Flory, Madison County Administrator Kevin Jones ("Administrator Jones") and/or Chairman Strong pursuant to the Madison County Employee Handbook;

B.     That pursuant to the officially promulgated policy statement, decision, regulation, and custom set forth in the Madison County Employee Handbook and adopted and ratified by the Sheriff's Dept. and Sheriff Dorning, the governmental policy, custom, and agency relationship recognized and

acknowledged by the Sheriff's Dept., Sheriff Dorning, Chief Deputy Sheriff Jernigan, Chairman Strong, Director Howell, and Deputy Director Flory was to be that of having Director Howell, Deputy Director Flory, and Chairman Strong be the recipients of complaints and reports of sexual harassment, or behavior that may have violated the anti-harassment policies of the Sheriff's Dept., Madison County, and/or the Commission;

C. That pursuant to such governmental policy, custom and agency relationship that Director Howell, Deputy Director Flory, and Chairman Strong investigate those complaints and reports, handle those complaints and reports, and resolve those complaints and reports of sexual harassment or behavior that may have violated the anti-harassment policies of the Sheriff's Dept. and/or Madison County. The policy and procedure, as adopted on or about December 15, 2016, more specifically provided,

> "*...There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.*"

23. In a press conference, Chairman Strong recently told The Huntsville Times:

That he sent a two-page letter to Sheriff Dorning, a copy of which he provided to the other six elected Madison County, Alabama Commission Commissioners, in which he told Sheriff Dorning:

"…Your lack of understanding of the severity and consequences of what has occurred under your leadership throughout your department - with practically no discipline and your continued arrogance to say 'we have done nothing wrong' as the lawsuits pile up…is baffling to say the least…

…It appears more evident this is a pattern of repeated conduct rather than an honest mistake…"

24.  When interviewed by The Huntsville Times the late Commissioner Robert C. Harrison agreed with Chairman Strong and said he understood Chairman Strong's frustration.

25.  When interviewed by The Huntsville Times Commissioner Vandiver agreed with Chairman Strong.

26.  Deputy Gray's check stubs state "https://employeeportal.madisoncountyal.gov/Websites,HR.Employee/ePayroll/Paymentlt".

27.  Deputy Gray has been employed by the Sheriff's Dept., Madison County, and the Commission for over fourteen years.

28.  Deputy Gray was employed on or about June 4, 2003.

29.  Deputy Gray worked in the Madison County, Alabama jail for the first two years of his employment.

30.  On March 21, 2005, Deputy Gray was assigned to patrol duty for about one year.

31.  Deputy Gray was then assigned to the Madison County, Alabama

Sheriff's Department SWAT Team ("the SWAT Team") and was a member of the SWAT Team for eleven years.

32.     Deputy Shelby L. Holt ("Deputy Holt" and/or "Holt"), a female, was an employee of the Sheriff's Department, Madison County, and the Madison County Commission. Deputy Holt was assigned to patrol duty.

33.     Deputy Holt left her personal cell phone in her patrol car. Deputy Holt did not have a password on her cell phone at that time. Anyone could open Deputy Holt's cell phone, open whatever she had on it, and upload and/or download whatever she had on it. Deputy Holt did have pictures of herself, some of which were nude photographs, on her cell phone.

34.     At the time Deputy Holt left her cell phone in her patrol car, Jonathan Sheldon ("Sheldon), one of the IT employees of the Sheriff's Dept., Madison County, and the Commission, without Deputy Holt's permission and/or authorization, got into Deputy Holt's cell phone, obtained some or all of the nude photographs, and circulated them around the Sheriff's Dept. and Madison County.

35.     Sheldon did this kind of thing with other female employees of the Sheriff's Dept. including a Sheriff's Dept. dispatcher.

36.     Another IT employee of the Sheriff's Dept., Justin Hunt, told Deputy Holt that Sheldon had gotten nude photographs of her off her cell phone the day she left her cell phone in her patrol car.

37.    Sheldon was recently arrested in a child pornography sting operation.

38.    Deputy Holt dated James King ("Deputy King"), another Deputy Sheriff in the Sheriff's Dept. Deputy King requested that Deputy Holt send nude and partially nude photographs of herself to him on her cell phone during the time they were dating. Deputy Holt did what Deputy King asked of her.

39.    Deputy King sent photographs of his penis to Deputy Holt on his cell phone.

40.    Several people including, but not limited to, Deputy Mike Tidwell ("Deputy Tidwell") have told Deputy Holt that Deputy King sent nude photographs of her to other people. Deputy Gray has told Deputy Holt that he was told that Deputy King sent nude photographs of her to other people.

41.    Sgt. Stacy Rutherford ("Sgt. Rutherford") had "messed around" with another female Sheriff's Dept. cadet when Deputy Holt was a cadet.

42.    Sgt. Rutherford was Deputy Holt's direct supervisor for her work as a Sheriff's Dept. patrol Deputy Sheriff and was her direct supervisor for Deputy Holt's part-time work at the shopping mall at Bridge Street.

43.    The Sheriff's Dept. sent Sgt. Rutherford for training on how to hack into other peoples' digital/electronic devices including laptops, computers, and cell phones. The code name for the "hacking" program is believed to be "Sonar Media".

44.    Sgt. Rutherford told Deputy Holt personally that he could hack into people's computers and cell phones and had hacked into people's computers and cell phones when he worked in CID. Sgt. Rutherford made a big deal out of how he could hack into other people's computers and cell phones to Deputy Holt. Sgt. Rutherford showed Deputy Holt how he could hack into people's computers and cell phones.

45.    Sgt. Rutherford told Deputy Holt that he had hacked into her computer because he wanted to see what was going on with her.

46.    Sgt. Rutherford sent a picture of his penis to Deputy Holt by means of his cell phone.

47.    Deputy Holt never sent a nude photograph, or nude photographs, of herself to Sgt. Rutherford.

48.    Deputy Holt never had a sexual relationship of any kind with Sgt. Rutherford and has never done anything sexually with Sgt. Rutherford.

49.    Sgt. Rutherford constantly sexually harassed Deputy Holt and created a sexually hostile working environment for Holt in the following ways:

A.    Sgt. Rutherford would frequently tell Deputy Holt that the desk would be perfect for "what I want to do to you".

B.    Then, Sgt. Rutherford would frequently tell Deputy Holt that "my tongue is hard and fast and I can get you off with my tongue within thirty

seconds or less." Then Sgt. Rutherford would tell Deputy Holt, "If that does not work, then I can put Alka Seltzer on your pussy, but I have to be careful because it can mess a female up."

C. Sgt. Rutherford would frequently ask Deputy Holt to leave Bridge Street early and go to his apartment. Sgt. Rutherford would frequently tell Deputy Holt that since he "is my supervisor"… he could tell her that she could leave early to go to his apartment.

D. Sgt. Rutherford would frequently tell Deputy Holt that she should leave her boyfriend's apartment and come to his apartment because he could show her a better time.

E. When Deputy Holt was in civilian clothes, shorts and a t-shirt, Sgt. Rutherford told Deputy Holt that she looked different and constantly talked about her ass looking good.

F. Sgt. Rutherford told Deputy Holt that he knew of places around the county where they could go to f--k. Sgt. Rutherford told Holt they could go behind the church and f--k.

G. Sgt. Rutherford told Deputy Holt many times that he could not help himself from getting a hard on when he was around Deputy Holt.

50. Deputy Holt asked Sgt. Rutherford many times to stop sexually harassing her and to stop creating such a sexually hostile working environment for

her. Sgt. Rutherford refused and kept right on sexually harassing Deputy Holt.

51.     Deputy Holt complained about and reported Sgt. Rutherford's sexually harassing her and Sgt. Rutherford's creating a sexually hostile working environment for her to her other direct supervisor:

A.     On July 24, 2016, Deputy Holt complained to Deputy Gray about how her supervisor, Sgt. Rutherford, was sexually harassing her and how he was creating a sexually hostile working environment for her.

B.     Deputy Gray told Deputy Holt that Sgt. Rutherford was her supervisor and it was a violation of the policies and procedures of the Sheriff's Department, Madison County, the Commission, and the law for Sgt. Rutherford to be doing to her what he was doing.

C.     The next day, Deputy Gray called Deputy Sheriff Cody Davis ("Deputy Davis"), a friend and fellow member of the SWAT Team, and Sgt. Matt Cagle ("Sgt. Cagle"), Deputy Gray's immediate supervisor. Deputy Gray reported to Sgt. Cagle what was going on with Sgt. Rutherford and Deputy Holt and asked him what she should do. Deputy Gray told Sgt. Cagle that what Rutherford was doing was in violation of the Sheriff's Department policies and procedures, Madison County's policies and procedures, the Commission's policies and procedures, and the law.

D.     The next Saturday, July 30, 2016, Deputy Gray insisted that

Deputy Holt talk to Sgt. Cagle. Deputy Holt talked to Sgt. Cagle and complained and reported that Sgt. Rutherford was sexually harassing her and how he was creating a sexually hostile working environment.

      E.     On or about Saturday, August 6, 2016, Stan Bice ("Deputy Bice"), a Deputy Sheriff who worked with Deputy Holt, went to Deputy Holt and reported to her that somebody outside the Sheriff's Dept. had come to him and told him everything she had told Sgt. Cagle. Deputy Bice told Deputy Holt she really needed to do something.

      F.     Deputy Holt talked to Madison County, Alabama Deputy Sheriff Marina Garcia ("Deputy Garcia") on August 7, 2016.

      G.     Deputy Holt went to her other direct Supervisor, Sgt. Richard Jones ("Sgt. Jones"), on August 7, 2016, and reported Sgt. Rutherford's sexually harassing her and how he was creating a sexually hostile working environment for her. Sgt. Jones told her she really needed to do something - that it was only going to get worse. As was the custom, practice, and policy adopted by, used by, and followed by the Sheriff's Dept., Madison County, and the Commission, Sgt. Jones told Holt to go to the HR Dept. and report what was going on.

      H.     Sgt. Jones told Deputy Holt he was going to report what she told him to Lt. Brian Hughes ("Lt. Hughes").

      52.     Deputy Holt did as she was instructed and as the policies, procedures,

and customs of the Sheriff's Dept., Madison County, and the Commission required. Deputy Holt made a written complaint and report to the HR Dept.:

     A.    On August 10, 2016, Deputy Holt's hand-written complaint about Sgt. Rutherford's sexually harassing her and how he was creating a sexually hostile working environment for her was hand-delivered to Director Howell, Deputy Director Pam Flory, Sheriff Dorning, Chairman Strong, and Madison County, Alabama's attorney, Jeff Rich ("Rich").

     B.    On August 10, 2016, Deputy Holt also filed her first Charge with the United States Equal Employment Opportunity Commission ("the EEOC").

53.    On August 11, 2016, Deputy Holt met with Director Howell and Chief Deputy Sheriff Jernigan:

     A.    Director Howell and Chief Deputy Sheriff Jernigan met with Deputy Holt in Howell's office in the Madison County, Alabama Courthouse on or about August 11, 2016.

     B.    Chief Deputy Sheriff Jernigan made it clear to Deputy Holt that he was at the meeting on behalf of Sheriff Dorning, was doing what Sheriff Dorning asked him to do, and was following Sheriff Dorning's instructions.

54.    In violation of the policies and procedures of the Sheriff's Dept., Madison County, and the Madison County Commission, Chairman Strong refused

to meet with Deputy Holt.

55.     Deputy Holt was extremely stressed and was suffering severe mental and emotional anguish as a result of Sgt. Rutherford's sexually harassing her and how he was creating a sexually hostile working environment for her.

56.     The retaliation against Deputy Holt began immediately after she complained and reported how she was being sexually harassed and the sexually hostile working environment in which she was working.

57.     On August 13, 2016, Deputy Gray told Deputy Holt he was very concerned about her. Deputy Gray called the Sheriff's Dept.'s non-emergency number seeking help for Deputy Holt. Deputy Gray asked to be put through to a supervisor for the purpose of seeking and getting help for Deputy Holt. Deputy Gray was not only retaliated against jointly by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission for trying to seek help, but he was also discriminated against jointly by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission when he tried to seek help for what was happening in the workplace – all of which violated Deputy Gray's Fourteenth Amendment rights and protections and his rights and protections under Title VII and which deprived Deputy Gray of those rights and

protections – all of which were clearly-established constitutional law and federally protected rights at the time the adverse employment action was taken against Deputy Gray and of which a reasonable person/reasonable official would have known or should have known about, given the circumstances and information possessed by the official/person at the time of the conduct.

58.     Deputy Gray did not call in a domestic dispute report or complaint on August 13, 2016. Deputy Gray asked to be put through to a supervisor for the purpose of seeking and getting help for Deputy Holt. Deputy Gray was not only retaliated against by for trying to seek help, but was also discriminated against when he tried to seek help for what was happening in the workplace – all of which violated Deputy Gray's Fourteenth Amendment rights and protections and his rights and protections under Title VII and which deprived Deputy Gray of those rights and protections – all of which were clearly-established constitutional law and federally protected rights at the time the adverse employment action was taken against Deputy Gray and of which a reasonable person/reasonable official would have known or should have known about, given the circumstances and information possessed by the official/person at the time of the conduct.

59.     Sgt. Jones, one of Deputy Holt's immediate supervisors, was one of the people who responded to Deputy Gray's August 13, 2016 call to the Sheriff's Dept.'s non-emergency number. Earlier on August 7, 2016, Deputy Holt had

reported and complained to Sgt. Jones about Sgt. Rutherford's unlawful harassment and treatment of her.

60.    Sgt. Jones acknowledged to Deputy Gray on August 13, 2016 that Deputy Holt was going through a lot of stuff at work.

61.    Cpt. Kerry Phillips ("Chief Deputy Phillips") replaced Chief Deputy Sheriff Jernigan as Chief Deputy of the Sheriff's Dept. when Chief Deputy Sheriff Jernigan was employed by the City of Madison, Alabama as its Chief of Police.  In the presence of Cpt. Salomonski, Lt. Brian Chaffin ("Lt. Chaffin"), Investigator Ken Williams, and Investigator Garcia, Sgt. Phillip Keel ("Sgt. Keel") called Chief Deputy Phillips "a mother fucker". No disciplinary action was taken against Sgt. Keel.

62.    Deputy Brent Patterson ("Deputy Patterson") lied to Chief Deputy Phillips regarding his sexual involvement with a female assistant principal at a Madison County, Alabama school. No disciplinary action was taken against Deputy Patterson.

63.    A SWAT Team member, Deputy Josh Patterson ("Deputy Patterson") showed up at a third shift squad meeting intoxicated. No disciplinary action was taken against the SWAT Team member.

64.    Deputy Holt was placed on Administrative Leave:

    A.    Shortly after meeting with Director Howell and Chief Deputy

Sheriff Jernigan on August 11, 2016, Deputy Holt was placed on administrative leave.

B.     On August 15, 2016, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission in a joint decision put Holt on administrative leave based on the official policy and/or custom they had established which violated Holt's Fourteenth Amendment rights and protections and her rights and protections under Title VII and which deprived Holt of those rights and protections – all of which were clearly-established constitutional law and federally protected rights at the time the adverse employment action was taken against Holt and of which a reasonable person/reasonable official/person would have known or should have known about, given the circumstances and information possessed by the official/person at the time of the conduct.

65.    On August 22, 2016, Deputy Holt's hand-written August 22, 2016 Supplemental Statement about Sgt. Rutherford's sexually harassing her and how he was creating a sexually hostile working environment for her was hand-delivered to Director Howell, Deputy Director Flory, Sheriff Dorning, Chairman Strong, and Rich. Deputy Holt explained that Sgt. Rutherford's behavior interfered with her ability to do her job. Deputy Holt stated that Sgt. Rutherford was not joking around as Director Howell and Chief Deputy Sheriff Jernigan inferred Sgt. Rutherford was

doing when they met with Deputy Holt on August 11, 2016.

66.     On August 22, 2016, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission in a joint decision put Deputy Gray on administrative leave with pay, confiscated his ID, his gun, all of his equipment including his SWAT equipment, and his vehicle without giving him any reason based on the official policy and/or custom they had established which violated Deputy Gray's Fourteenth Amendment rights and protections and his rights and protections under Title VII and which deprived Gray of those rights and protections – all of which were clearly-established constitutional law and federally protected rights at the time the adverse employment action was taken against Deputy Gray and of which a reasonable person/reasonable official would have known or should have known about, given the circumstances and information possessed by the official/person at the time of the conduct.

67.     On August 25, 2016, Deputy Gray wrote a statement in which he stated that the Sheriff's Dept., Madison County, and the Commission did not follow their own policies and procedures when it put him on administrative leave.

68.     Deputy Gray wrote in his August 25, 2016 statement, "Writer feels that this is a direct retaliation due to Shelby Holts, harassment & claims on SERGEANT RUTHERFORD and the Madison County Sheriff's Office."

69.     On the morning of September 6, 2017, Deputy Gray had a meeting with Sheriff Dorning and Chief Deputy Sheriff Jernigan. Later on September 6, 2016, Chief Deputy Sheriff Jernigan met with Deputy Gray again at which time Chief Deputy Sheriff Jernigan informed Deputy Gray of Sheriff Dorning's and his decisions. Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission in a joint decision took the adverse employment actions listed below against Deputy Gray based on the official policy and/or custom they had established which violated Deputy Gray's Fourteenth Amendment rights and protections and his rights and protections under Title VII and which deprived Gray of those rights and protections – all of which were clearly-established constitutional law and federally protected rights at the time the adverse employment actions were taken against Deputy Gray and of which a reasonable person/reasonable official would have known or should have known about, given the circumstances and information possessed by the official/person at the time of the conduct.

Deputy Gray was:

A. Suspended for eight days which is two weeks without pay,

B. Taken off the SWAT Team indefinitely, and

C. Ordered to mandatory counseling and had to see a counselor before

he could return to work.

70.    Sheriff Dorning, Chief Deputy Sheriff Jernigan, the Sheriff's Dept., Madison County, and the Commission did not follow SWAT Team policies and procedures when Deputy Gray was placed on administrative leave based on the official policy and/or custom they had established which violated Deputy Gray's Fourteenth Amendment rights and protections and his rights and protections under Title VII and which deprived Gray of those rights and protections – all of which were clearly-established constitutional law and federally protected rights at the time the adverse employment actions were taken against Deputy Gray and of which a reasonable person/reasonable official would have known or should have known about, given the circumstances and information possessed by the official/person at the time of the conduct.

71.    Deputy Gray filed his first Charge with the EEOC on September 9, 2016.

72.    Pursuant to the policies and procedures of the Sheriff's Dept., Madison County, and the Madison County Commission, Deputy Gray's September 14, 2016 hand-written complaint and report that he was being retaliated against for opposing, reporting, and complaining about sexual harassment and a sexually hostile working environment in the workplace was hand-delivered to Director Howell, Chairman Strong, and Rich.

73.     Deputy Holt was fired on September 30, 2016:

A.     Sheriff Dorning and Chief Deputy Sheriff Jernigan both were intricately involved with Director Howell, Deputy Director Flory, Chairman Strong, Madison County, and the Commission in the investigation of Deputy Holt's complaints and reports of sexual harassment and sexually hostile working environment and in the joint decision to fire Deputy Holt.

B.     On September 30, 2016, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Madison County, and the Commission in a joint decision fired Deputy Holt.

74.     Deputy Gray returned to work on October 5, 2016.

75.     When Deputy Gray went back to work on October 5, 2016, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, Madison County, and the Commission in a joint decision had removed Deputy Gray from the SWAT Team in retaliation for his having complained about, reported, and opposed sexual discrimination, sexual harassment, and the sexually hostile working environment at the Sheriff's Department, Madison County; and, the Madison County Commission. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decision to take this adverse employment action against Deputy Gray based

on the official policy and/or custom they had established which violated Deputy Gray's Fourteenth Amendment rights and protections and his rights and protections under Title VII and which deprived Gray of those rights and protections – all of which were clearly-established constitutional law and federally protected rights at the time the adverse employment action was taken against Deputy Gray and of which a reasonable person/reasonable official would have known, or should have known, about given the circumstances and information possessed by the official/person at the time of the conduct.

76.    Deputy Gray was placed on patrol duty and continues to this day to work on patrol duty.

77.    Deputy Holt filed her second Charge with the EEOC on October 25, 2016.

78.    Deputy Gray filed his second Charge with EEOC on October 25, 2016.

79.    The retaliation and discrimination against Deputy Gray has had a chilling effect on employees of the Sheriff's Dept. reporting and complaining about violations of the policies and procedures of the Sheriff's Dept., Madison County, and the Commission; violations of Title VII protections; and, violations of the Equal Protection Clause of the U.S. Constitution – the Fourteenth Amendment. The retaliation and discrimination against Deputy Gray has sent a signal to

everyone else working in the Sheriff's Dept. that if they complain about and report sexual harassment, discrimination based on sex, etc. that they will face some form of punishment and retaliation.

80.     Everyday Deputy Gray goes to work at the Sheriff's Dept. he does so knowing that Sheriff Dorning's, Madison County's, the Commission's (Commissioners Jones, Haraway, Hill, Vandiver, and Riddick), Director Howell's, Deputy Director Flory's, and Chairman Strong's refusal to put him back on the SWAT Team or allow him back on the SWAT Team is continuing daily harassment by Sheriff Dorning and a threat to further humiliate him.

81.     The sexual harassment of Deputy Holt was severe and pervasive.

82.     The retaliation against Deputy Holt was severe.

83.     Male employees of the Sheriff's Dept., Madison County, and the Commission who, unlike Deputy Gray, did not or would not report and complain about female employees being sexually harassed and/or discriminated against, were treated better, more favorably, and differently than was Deputy Gray.

A.     Sgt. Rutherford dated and made pictures of a female employee of the Sheriff's Dept. posing on the hood of his patrol car or another patrol car. Sgt. Rutherford was not fired. Upon information and belief, the female employee's husband tried to kill her, but ended-up killing himself.

B.     Sgt. Rutherford sexually harassed a female Sheriff's Dept.

employee who worked with him in the Madison County Jail. Sgt. Rutherford was not fired.

C.      A female employee of the Sheriff's Dept. had sexual relations with Captain Charles Berry ("Cpt. Berry") in exchange for favors including more favorable personnel evaluations and awards. Cpt. Berry was not fired.

D.      After getting very personal nude pictures of Deputy Holt from her cell phone without her permission and knowledge and publishing them to other employees of the Sheriff's Dept., Sheldon was not fired.

E.      Deputy King was not fired for publishing very personal nude pictures of Holt to other employees of the Sheriff's Dept.

F.      Deputy King was not fired for sending pictures of his penis to Holt.

G.      Sgt. Rutherford was not fired for sending pictures of his penis to Deputy Holt.

H.      A male employee of the Sheriff's Dept. sexually assaulted a female employee of the Sheriff's Dept. The names of the Sheriff's Dept. employees involved in this matter will be provided and disclosed at an appropriate time and in an appropriate way. The male employee was not fired.

I.      Male employees of the Sheriff's Dept. would not file reports of sexual harassment against females involving non-employees of the Sheriff's Dept.

For example, Sgt. Timothy Whisante ("Sgt. Whisante") would not file a report for a young female who was sexually harassed and sexually touched by her store manager. The girl's mother complained. Captain Michael Salomonski (Cpt. Salomonski") has knowledge of this matter.

J.     Lt. Patton was caught having sex with one of the Detention Officers. Lt. Patton was not fired.

K.     Chief Deputy Sheriff Jernigan made inappropriate sexual comments about female employees of the Sheriff's Dept. For example, Chief Deputy Sheriff Jernigan told Erica Cagle ("Cagle") that female employee Megan Dorning's code should be "6969"; Chief Deputy Sheriff Jernigan told others in regard to Deputy Holt, "Man what I would do to that."; Chief Deputy Sheriff Jernigan told Megan Wimbs that he wished she had not told him that Cagle was changing clothes so he could have walked in on her.

L.     Chief Deputy Sheriff Jernigan was accused of and charged with sexual harassment when he worked for the Federal Bureau of Investigation ("the FBI").

M.     Cagle reported and complained to Cpt. Phillips, Director Howell, and Deputy Director Flory about a male Sheriff Dept.'s employee Tim Clark's ("Clark") sexually harassing her and telling people that she was "fucking" an inmate. Clark had "hit" on Cagle many times, constantly asking her to go to

bars with him and go to eat with him and sent text messages to her. Clark is a friend of Sheriff Dorning's. Chief Deputy Sheriff Jernigan and Sheriff Dorning retaliated against Cagle by taking her cell phone away from her knowing that it was her only means of communication with her mother who was dying and close to death. Chief Deputy Sheriff Jernigan's and Sheriff Dorning's actions had a very chilling effect on not only Cagle, but other Sheriff's Dept. female employees regarding complaining about and reporting sexual harassment and a sexually hostile work environment at the Sheriff's Dept. Clark was not fired.

       N.    Deputy Brent Patterson ("Deputy Patterson") had a sexual affair with a local female Madison County, Alabama school official. Deputy Patterson was in charge of school resource officers provided to the Madison County, Alabama schools by the Sheriff's Dept. Deputy Patterson was not fired.

       O.    Deputy Jerome Heard ("Deputy Heard"), a Madison County school resource officer provided to Meridianville Middle School by the Sheriff's Dept. was indicted for sex with a minor female at the school. Deputy Heard was not fired.

       P.    Sheriff's Dept. Investigator Roland Campos ("Investigator Campos") was recently arrested and charged with two counts of first-degree sexual abuse involving a juvenile. Investigator Campos was earlier involved in the sexual abuse of his granddaughter. The earlier matter was swept under the rug by the

Sheriff's Dept. Sheriff's Dept. Lt. Chaffin has the details regarding these matters.

Q.      There are numerous other incidents of male employees of the Sheriff's Dept. in the course of their exercise of authority over female employees of the Sheriff's Dept., Madison County, and the Commission exploiting those female employees, providing job security, providing revised personnel evaluations, and taking care of pay mistakes in exchange for sexual favors and attention. None of those male employees of the Sheriff's Dept., Madison County, or the Commission have been fired. In fact, several of those male employees have been promoted.

84.    At all times material to Deputy Holt's case, there were no females in higher-up supervisory/managerial positions in the Sheriff's Dept.

85.    Male employees of the Sheriff's Dept., Madison County, and the Madison County Commission, such as Deputy Gray, were retaliated against and discriminated against if they opposed, reported, and/or complained about female employees, such as Deputy Holt, being sexually harassed, discriminated against based on their sex, and having to work in a sexually hostile working environment. Deputy Gray suffered the following adverse employment actions taken against him:

A.      Deputy Gray lost seniority which seriously adversely affects him, Deputy Gray was number 2 on the SWAT Team seniority list.

B.     Deputy Gray has suffered defamation by being put in a false light. Deputy Gray's reputation has been intentionally, wrongfully, and egregiously damaged. Deputy Gray's professional reputation has been intentionally, wrongfully, and egregiously damaged. Deputy Gray has lost prestige.

C.     Deputy Gray has lost the benefit of eleven years of special SWAT Team training. Lt. Chuck Zeissler ("Lt. Zeissler"), SWAT Commander, told SWAT Team member Investigator Forest Edde ("Investigator Edde"), SWAT Team member Sgt. Cody Davis (Sgt. Davis"), and SWAT Team member/Team Leader/Trainer Deputy Sheriff Matt Scratchard ("Deputy Sheriff Scratchard") that Deputy Gray cannot be re-assigned to SWAT because he has a lawsuit pending against the Sheriff's Dept.

D.     Deputy Gray has lost and continues to lose overtime hours/pay for call-outs, search warrants, and special details which he received as a SWAT Team member.

E.     When Deputy Gray was assigned to patrol duty in September 2016, Deputy Gray had to buy four pairs of black uniform pants. Deputy Gray would have had to buy more parts of patrol uniforms, but he was fortunate in that other deputies gave him gray uniform shirts. However, only two of the shirts fit. Deputy Gray wears old boots that he had. Deputy Gray is wearing old black under shirts.

F.     Deputy Gray's accrued paid vacation time and accrued paid sick time were taken away from him in retaliation for his having opposed, reported, and/or complained about Deputy Holt's being sexually harassed, discriminated against based on her sex, and having to work in a sexually hostile working environment.

86.    Deputy Gray suffered and continues to suffer mental and emotional anguish:

A. Deputy Gray suffered mental and emotional anguish and continues to suffer mental and emotional anguish for being singled out and retaliated against and discriminated against for his trying to follow the law, the policies and procedures of the Sheriff's Dept., Madison County, and the Commission – for opposing, complaining about, and reporting sexual harassment, sexual discrimination, and the sexually hostile working environment.

B. Deputy Gray suffered mental and emotional anguish and continues to suffer mental and emotional anguish for being put in a false light (defamed) for trying to follow the law and the policies and procedures of the Sheriff's Dept., Madison County, and the Madison County Commission – for opposing, complaining about, and reporting sexual harassment, sexual discrimination, and the sexually hostile working environment. Deputy Gray's being put in such a false light had a chilling effect on other male employees coming forward and opposing,

reporting, and complaining about how females were being sexually harassed, sexually discriminated against, and the sexually hostile working environment in which they were working.

C. Deputy Gray had served honorably for eleven years on the SWAT Team before his abrupt removal in September 2016. Deputy Gray's achievements on the SWAT Team had been recognized with commendations and awards and his professionalism had been recognized by awards of Deputy of the Month and other achievement awards. It was mentally and emotionally devastating to Deputy Gray to be removed from the SWAT Team and being singled out and retaliated against for his trying to follow the law and the policies and procedures of the Sheriff's Dept., Madison County, and the Madison County Commission – for opposing, complaining about, and reporting sexual harassment, sexual discrimination, and the sexually hostile working environment. Deputy Gray's being removed from the SWAT Team had a chilling effect on other male employees coming forward and opposing, reporting, and complaining about how females were being sexually harassed, sexually discriminated against, and the sexually hostile working environment in which they were working.

D. Deputy Gray had received performance evaluations which clearly supported the commendations and awards he received over the years. Deputy Gray had a stellar personnel record until he was intentionally, willfully, and egregiously

defamed and put in such a harmful false light by the defendants beginning when opposed, complained about, and reported sexual harassment, sexual discrimination, and the sexually hostile working environment.

        E.     Deputy Gray suffered severe mental and emotional anguish and continues to suffer severe mental and emotional anguish for having been put in a false light by being accused of being belligerent, stumbling around drunk, and driving intoxicated on August 13, 2016.

        F.     Deputy Gray suffered severe mental and emotional anguish and continues to suffer severe mental and emotional anguish for then Chief Deputy Sheriff Jernigan telling him that the SWAT Team could not count on him or depend on him; that he was disobedient; that he lacked the ability to get along with others; that he did not have good judgment; and, that he was on a self-destructive course.

## COUNT I
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND TH FOUTH AMENDMENT AGAINST SHERIFF DORNING IN HIS OFFICIAL CAPACITY AS SHERIFF OF MADISON COUNTY, ALABAMA
### (ASSERTED VIA 42 U.S.C. §1983)

    87.    Gray realleges and incorporates by reference paragraphs 1 through 86 above with the same force and effect as if fully set out in specific detail herein below.

88.     As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

89.     Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

90.     Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief

Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

91.     Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

92.     Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

93.     Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

94.     Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison

County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

95.    Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

96.    Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

97.    Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

98.    Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as

set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

99.    Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

100.    Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

101.    Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

102.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

103.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

104.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

105.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

106.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

107.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT II**
**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY**
**TREATMENT, HOSTILE WORKING ENVIRONMENT, AND**
**RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH**
**AMENDMENT AGAINST SHERIFF DORNING IN HIS INDIVIDUAL**
**CAPACITY**
**(ASSERTED VIA 42 U.S.C. §1983)**

108.   Gray realleges and incorporates by reference paragraphs 1 through 107 above with the same force and effect as if fully set out in specific detail herein below.

109.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the

Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

110. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director
Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,
Madison County's, and the Commission's joint decisions regarding the adverse
employment actions taken against Deputy not only instigated, but ratified,
confirmed, and affirmed such unlawful discrimination and retaliation against
Deputy Gray.

111. Sheriff Dorning's, Director Howell's, Deputy Director Flory's,
Chairman Strong's, the Sheriff's Department's, Madison County's, and the
Commission's joint adverse employment actions taken against Deputy Gray
enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior
and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief
Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing
Chief Deputy Sheriff's Jernigan's unlawful behavior.

112. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director
Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,
Madison County's, and the Commission's joint actions and behavior ratified,
confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or
by not adequately investigating Sheldon's unlawful behavior.

113. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director

Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department', Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

114.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

115.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

116.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

117.   Deputy Gray was subjected to disparate disciplinary treatment due to

his having reported and complained about the violations of policy and procedure and the law as set forth above.

118.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

119.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

120.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

121.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison

County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

122.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

123.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

124.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or

deliberate indifference to those violations.

125.   Sheriff Dorning, in his individual capacity, is not afforded immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

126.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

127.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

128.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

129.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison

County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT III
### CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST CHIEF DEPUTY SHERIFF JERNIGAN IN HIS OFFICIAL CAPACITY AS CHIEF DEPUTY SHERIFF OF MADISON COUNTY, ALABAMA
### (ASSERTED VIA 42 U.S.C. §1983)

130.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 129 above with the same force and effect as if fully set out in specific detail herein below.

131.   As stated above, Chief Deputy Sheriff Jernigan himself engaged in unlawful sexual comments and innuendos when talking about Holt and Cagle.

132.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

133. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

134. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

135. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

136. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,

Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

137. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

138. Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

139. Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

140. Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure

and the law as set forth above.

141.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

142.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

143.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

144.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison

County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

145.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

146.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

147.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

148.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

149.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

150.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

151.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT IV
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST CHIEF DEPUTY SHERIFF JERNIGAN IN HIS INDIVIDUAL CAPACITY
### (ASSERTED VIA 42 U.S.C. §1983)

152.   Gray realleges and incorporates by reference paragraphs 1 through 151 above with the same force and effect as if fully set out in specific detail herein below.

153.   As stated above, Chief Deputy Sheriff Jernigan himself engaged in unlawful sexual comments and innuendos when talking about Holt and Cagle.

154.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

155.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

156.   Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

157.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

158.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

159.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,

Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

160.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

161.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

162.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

163.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

164.   Thereafter, in response to his complaints and reports of sexual

harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

165.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

166.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

167.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end

the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

168.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

169.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

170.   Sheriff Dorning, in his individual capacity, is not afforded immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

171.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director

Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

172.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

173.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

174.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT V
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST MADISON COUNTY
### (ASSERTED VIA 42 U.S.C. §1983)

175.   Deputy Gray realleges and incorporates by reference paragraphs 1-174 above with the same force and effect as if fully set out in specific detail herein

below.

176.   By virtue of Act No. 941 of the  1973 Regular Session of the Alabama Legislature; The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015; and, the Madison County Employee Handbook adopted on December 15, 2016, Madison County was and is an employer of Deputy Gray under Title VII's definition of employer. Madison County employs more than fifteen (15) employees. Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow these policies and procedures and to have the Sheriff's Dept. and its employees governed by these policies and procedures.

177.   Madison County knew about and/or should have known about and/or participated in discussions about and/or made decisions about Deputy Gray's reports and claims of sexual harassment, a sexually hostile working environment, discrimination, retaliation, and the retaliatory hostile working environment as they did when Strong told Dorning in a letter:

> "…Your lack of understanding of the severity and consequences of what has occurred under your leadership throughout your department - with practically no discipline and your continued arrogance to say 'we have done nothing wrong' as the lawsuits pile up…is baffling to say the least…
>
> …It appears more evident this is a pattern of repeated conduct rather than an honest mistake…"

178.  As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

179.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

180.  Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief

Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

181.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

182.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

183.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

184.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison

County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

185.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

186.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

187.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

188.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as

set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

189.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

190.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

191.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

192.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

193.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

194.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

195.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

196.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

197.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT VI**
**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY**
**TREATMENT, HOSTILE WORKING ENVIRONMENT, AND**
**RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH**
**AMENDMENT AGAINST THE COMMISSION**
**(ASSERTED VIA 42 U.S.C. §1983)**

198.   Deputy Gray realleges and incorporates by reference paragraphs 1-197 above with the same force and effect as if fully set out in specific detail herein below.

199.   By virtue of Act No. 941 of the  1973 Regular Session of the Alabama Legislature; The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015; and, the Madison County Employee Handbook adopted on December 15, 2016, the Commission was and is an employer of Deputy Gray under Title VII's definition of employer. Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow these policies and procedures and to have the Sheriff's Dept. and its employees governed by these policies and procedures. The Commission employs more than fifteen (15) employees.

200.   Strong and each of the Commissioners, namely, Jones, Haraway, Hill, Vandiver, and Riddick (collectively "the Commission") knew about and/or should have known about and/or participated in discussions about and/or made decisions about Holt's reports and claims of sexual harassment, a sexually hostile working environment, discrimination, retaliation, and the retaliatory hostile working environment as they did when Strong told Dorning in a letter:

> "…Your lack of understanding of the severity and consequences of what has occurred under your leadership throughout your department - with practically no discipline and your continued arrogance to say 'we have done nothing wrong' as the lawsuits pile up…is baffling to say the least…
>
> …It appears more evident this is a pattern of repeated conduct rather than an honest mistake…"

201.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

202. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

203. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

204. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

205. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,

Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

206. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

207. Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

208. Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

209. Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure

and the law as set forth above.

210.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

211.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

212.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

213.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison

County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

214.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

215.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

216.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

217.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

218.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

219.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

220.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT VII

## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST DIRECTOR HOWELL IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE PERSONNEL DEPARTMENT OF MADISON COUNTY

## (ASSERTED VIA 42 U.S.C. §1983)

221.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 220 above with the same force and effect as if fully set out in specific detail herein below.

222.   The Sheriff's Dept.'s; Madison County's; and, the Commission's policies and procedures for their employees to follow, to which Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow, regarding complaining about and reporting harassment are, in pertinent part:

A.      Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

> 1.      "…**Section 1.**      (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.
>
> (b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….
>
> …
>
> **Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:
>
> **…**
>
> (c) All employees of the county sheriff;
>
> …"

B.     The Madison County Employee Handbook, adopted by the

Madison County, Alabama Personnel Board on June 11, 2015, which was also

adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official

policy and custom, and which was in effect and applicable at all times material to

this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and
employees in the service of the county:

        …

        c. All employees of the County Sheriff;"

        …

Page 48

"Appendix 2:

HARASSMENT POLICY
…

Anyone who believes that he or she is being sexually harassed, or who
is aware of behavior that may violate this policy, should report this to
one of the following individuals: Personnel Director, Jermie Howell
(256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-
3614 or County Administrator, Kevin Jones (256) 532-3492. The
offices of Howell, Flory and Jones are located on the 7th floor of the
Madison County Courthouse. If for any reason an individual feels that
they cannot talk with Howell, Flory or Jones, reports should be made
to Madison County Commission Chairman Dale Strong (256) 532-
3492…

…"

223.   On or about December 15, 2016, a new Madison County Employee

Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept.,

Madison County, and the Commission as their official policy and custom which

states:

> "Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.
>
> Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.
>
> Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.
>
> Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.
>
> ***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

224.   As set forth above, Deputy Gray was willfully and/or maliciously

and/or with reckless disregard and/or deliberate intent discriminated against,

retaliated against, and subjected to a hostile working environment by Sheriff

Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

225.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

226. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

227.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director

Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

228.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

229.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

230.  Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

231.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

232.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

233.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

234.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

235.   Additionally, in retaliation for his participation in filing a Charge Of

Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

236.  Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

237.  Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

238.  The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done

with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

239.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

240.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

241.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

242.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

243.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison

County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT VIII**
**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY**
**TREATMENT, HOSTILE WORKING ENVIRONMENT, AND**
**RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH**
**AMENDMENT AGAINST DIRECTOR HOWELL IN HIS INDIVIDUAL**
**CAPACITY**
**(ASSERTED VIA 42 U.S.C. §1983)**

244.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 243 above with the same force and effect as if fully set out in specific detail herein below.

245.   The Sheriff's Dept.'s; Madison County's; and, the Commission's policies and procedures for their employees to follow, to which Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow, regarding complaining about and reporting harassment are, in pertinent part:

A.   Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1.   "…**Section 1.**      (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

...

   (c) All employees of the county sheriff;

..."

B. The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

<u>Page 71 Section 4</u>.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

  …

  c. All employees of the County Sheriff;"

  …

<u>Page 48</u>

"Appendix 2:

HARASSMENT POLICY
...

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell

(256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…
…"

246.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment *must immediately* advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct***

***supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

247.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

248.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

249.   Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior

and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

250. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

251. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

252. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

253.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

254.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

255.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

256.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

257.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission

jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

258.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

259.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

260.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing

acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

261.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

262.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

263.   Director Howell, in his individual capacity, is not afforded immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

264.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment

of life, inconvenience, and humiliation.

265.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

266.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

267.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

<u>**COUNT IX**</u>
<u>**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST DEPUTY DIRECTOR FLORY IN HER OFFICIAL CAPACITY AS DEPUTY DIRECTOR OF THE PERSONNEL DEPARTMENT OF MADISON COUNTY**</u>
**(ASSERTED VIA 42 U.S.C. §1983)**

268.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 267 above with the same force and effect as if fully set out in specific detail herein below.

269.   The Sheriff's Dept.'s; Madison County's; and, the Commission's

policies and procedures for their employees to follow, to which Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow, regarding complaining about and reporting harassment are, in pertinent part:

A.     Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1.     "…**Section 1.**     (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

(c) All employees of the county sheriff;

…"

B.     The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

> …

> c. All employees of the County Sheriff;"

> …

Page 48

"Appendix 2:

HARASSMENT POLICY

...

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

270. On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

> "Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered

harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment **must immediately** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

271.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the

Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

272. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

273. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

274. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

275. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director

Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

276.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

277.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

278.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

279.   Deputy Gray was subjected to disparate disciplinary treatment due to

his having reported and complained about the violations of policy and procedure and the law as set forth above.

280.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

281.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

282.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

283.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell,

Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

284.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

285.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

286.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to

those violations.

287.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

288.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

289.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

290.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT X**
**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST DEPUTY DIRECTOR FLORY IN HER INDIVIDUAL CAPACITY**

## (ASSERTED VIA 42 U.S.C. §1983)

291.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 290 above with the same force and effect as if fully set out in specific detail herein below.

292.   The Sheriff's Dept.'s; Madison County's; and, the Commission's policies and procedures for their employees to follow, to which Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow, regarding complaining about and reporting harassment are, in pertinent part:

A.   Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1.   "…**Section 1.**   (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

(c) All employees of the county sheriff;

…"

B.      The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…

c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
…

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

293.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment *must immediately* advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

294.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff

Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

295. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

296. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

297. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director

Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

298.   Sheriff  Dorning's,  Chief  Deputy  Sheriff  Jernigan's,  Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

299.   Sheriff  Dorning's,  Chief  Deputy  Sheriff  Jernigan's,  Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

300.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

301.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

302.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

303.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

304.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

305.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan,

Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

306.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

307.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

308.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department; Madison County, and the Commission as described above was done

with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

309.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

310.   Deputy Director Flory, in her individual capacity, is not afforded Immunity protection because, as stated above, a reasonable official/person in her respective position would have known, or should have known, that her actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

311.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

312.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

313.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory

damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

314.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT XI
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST CHAIRMAN STRONG IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE COMMISSION
### (ASSERTED VIA 42 U.S.C. §1983)

315.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 314 above with the same force and effect as if fully set out in specific detail herein below.

316.   The Sheriff's Dept.'s; Madison County's; and, the Commission's policies and procedures for their employees to follow, to which Sheriff Dorning and the Sheriff's Dept. agreed to be bound by and to follow, regarding complaining about and reporting harassment are, in pertinent part:

   A.   Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1.     "…**Section 1.**     (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

(c) All employees of the county sheriff;

…"

B.     The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…

c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
...

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

317.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment **must immediately** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

**_There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment._**"

318.  As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

319.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified,

confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

320. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

321. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

322. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

323.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

324.  Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

325.  Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from him and the other adverse employment actions set forth above were taken against Deputy Gray.

326.  Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

327.  Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to

multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

328.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

329.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

330.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

331.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell,

Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

332.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

333.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

334.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment

of life, inconvenience, and humiliation.

335.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

336.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

337.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

<u>**COUNT XII**</u>
<u>**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST CHAIRMAN STRONG IN HIS INDIVIDUAL CAPACITY**</u>
**(ASSERTED VIA 42 U.S.C. §1983)**

338.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 337 above with the same force and effect as if fully set out in specific detail herein below.

339.   The Sheriff's Dept.'s; Madison County's; and, the Commission's

policies and procedures for their employees to follow, to which Sheriff Dorning

and the Sheriff's Dept. agreed to be bound by and to follow, regarding complaining

about

and reporting harassment are, in pertinent part:

      A.     Act No. 941 of the  1973 Regular Session of the Alabama

Legislature provides, in pertinent part:

> 1.    "…**Section 1.**    (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.
>     (b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….
>
> …
>
> **Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:
>
> **…**
>
>     (c) All employees of the county sheriff;
> …"

      B.     The Madison County Employee Handbook, adopted by the

Madison County, Alabama Personnel Board on June 11, 2015, which was also

adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official

policy and custom, and which was in effect and applicable at all times material to

this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

>       …

>       c. All employees of the County Sheriff;"

>       …

Page 48

"Appendix 2:

HARASSMENT POLICY
**…**

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

>       …"

340.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

>       "Madison County is committed to providing a work environment that

is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

341. As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the

Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

342. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

343. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

344. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

345. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director

Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

346.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

347.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

348.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

349.   Deputy Gray was subjected to disparate disciplinary treatment due to

his having reported and complained about the violations of policy and procedure and the law as set forth above.

350.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

351.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

352.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

353.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison

County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

354.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

355.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

356.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or

deliberate indifference to those violations.

357.   Chairman Strong, in his individual capacity, is not afforded immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

358.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

359.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

360.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

361.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison

County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT XIII**
**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY**
**TREATMENT, HOSTILE WORKING ENVIRONMENT, AND**
**RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH**
**AMENDMENT AGAINST COMISSIONER JONES IN HIS OFFICIAL**
**CAPACITY AS A MEMBER OF THE COMMISSION**
**(ASSERTED VIA 42 U.S.C. §1983)**

362.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 361 above with the same force and effect as if fully set out in specific detail herein below.

363.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Jones – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

A.   Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1.   "…**Section 1.**   (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall

consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

    **Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

    (c) All employees of the county sheriff;

…"

B.    The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

<u>Page 71 Section 4</u>.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:
    …

c. All employees of the County Sheriff;"

…

<u>Page 48</u>

"Appendix 2:

HARASSMENT POLICY
**…**

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

364. On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

365. As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

366. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

367. Sheriff Dorning's, Director Howell's, Deputy Director Flory's,

Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

368.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

369.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

370.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified,

confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

371.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

372.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

373.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

374.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

375.   Thereafter, in response to his complaints and reports of sexual

harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

376.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

377.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

378.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment

continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

379.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

380.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

381.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

382.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

383.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

384.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT XIV
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST COMISSIONER JONES IN HIS INDIVIDUAL CAPACITY
### (ASSERTED VIA 42 U.S.C. §1983)

385.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 384 above with the same force and effect as if fully set out in specific detail herein below.

386.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Jones – collectively referred to herein as "the Commission") policies and procedures for their

employees to follow regarding complaining about and reporting harassment are, in

pertinent part:

A.     Act No. 941 of the  1973 Regular Session of the Alabama

Legislature provides, in pertinent part:

1.     "…**Section 1.**     (a) In Madison County, there is
hereby created and established a personnel department for the
government and control of all employees and appointees holding
position in the classified service, as defined in Section 4.
(b) The personnel department shall consist of a personnel
board and a personnel director. The personnel board shall
consist of three members, one to be appointed as a joint
appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the
following officers and employees in the service of the county:

**…**

(c) All employees of the county sheriff;

…"

B.     The Madison County Employee Handbook, adopted by the

Madison County, Alabama Personnel Board on June 11, 2015, which was also

adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official

policy and custom, and which was in effect and applicable at all times material to

this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

   …

   c. All employees of the County Sheriff;"

   …

Page 48

"Appendix 2:

HARASSMENT POLICY
**…**

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

   …"

387.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions,

words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment **must immediately** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

388.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

389.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

390.   Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

391.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

392.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,

Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

393.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

394.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

395.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

396.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure

and the law as set forth above.

397.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

398.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

399.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

400.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against

retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

401.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

402.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

403.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

404.   Chairman Strong, in his individual capacity, is not afforded immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

405.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

406.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

407.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

408.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless

enjoined by this Court.

<strong><u>COUNT XV</u></strong><br>
<strong><u>CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY</u></strong><br>
<strong><u>TREATMENT, HOSTILE WORKING ENVIRONMENT, AND</u></strong><br>
<strong><u>RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH</u></strong><br>
<strong><u>AMENDMENT AGAINST COMISSIONER HARAWAY IN HIS OFFICIAL</u></strong><br>
<strong><u>CAPACITY AS A MEMBER OF THE COMMISSION</u></strong><br>
<strong>(ASSERTED VIA 42 U.S.C. §1983)</strong>

409. Deputy Gray realleges and incorporates by reference paragraphs 1 through 408 above with the same force and effect as if fully set out in specific detail herein below.

410. The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Haraway – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

A. Act No. 941 of the 1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1. "…**Section 1.**     (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

>    **Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:
>
>    **…**
>
>       (c) All employees of the county sheriff;
>
>    …"

B.      The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

> Page 71 Section 4.
>
> "The provisions of this Act shall apply to the following officers and employees in the service of the county:
>
>       …
>
>    c. All employees of the County Sheriff;"
>
>    …
>
> Page 48
>
> "Appendix 2:
>
> HARASSMENT POLICY
> **…**
>
> Anyone who believes that he or she is being sexually harassed, or who

is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

411.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of

employment.

> ***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

412.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

413.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

414. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the

Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

415.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

416.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

417. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified,

confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

418.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

419.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

420.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

421.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

422.   Thereafter, in response to his complaints and reports of sexual

harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

423.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

424.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

425.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment

continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

426.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

427.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

428.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

429.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

430.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

431.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT XVI
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST COMISSIONER HARAWAY IN HIS INDIVIDUAL CAPACITY
### (ASSERTED VIA 42 U.S.C. §1983)

432.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 431 above with the same force and effect as if fully set out in specific detail herein below.

433.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Haraway – collectively referred to herein as "the Commission") policies and procedures for

their employees to follow regarding complaining about and reporting harassment

are, in pertinent part:

A.     Act No. 941 of the  1973 Regular Session of the Alabama

Legislature provides, in pertinent part:

1.     "…**Section 1.**     (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.
(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

(c) All employees of the county sheriff;

…"

B.     The Madison County Employee Handbook, adopted by the

Madison County, Alabama Personnel Board on June 11, 2015, which was also

adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official

policy and custom, and which was in effect and applicable at all times material to

this case, provided, in pertinent part:

<u>Page 71 Section 4</u>.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…

c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
**…**

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

434.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions,

words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment **must immediately** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

435.  As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

436.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

437.  Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

438.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

439.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,

Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

440.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

441.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

442.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

443.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure

and the law as set forth above.

444.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

445.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

446.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

447.  Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against

retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

448.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

449.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

450.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

451.   Commissioner Haraway, in his individual capacity, is not afforded Immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

452.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

453.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

454.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

455.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless

enjoined by this Court.

## COUNT XVII
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST COMISSIONER HILL IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE COMMISSION
### (ASSERTED VIA 42 U.S.C. §1983)

456. Deputy Gray realleges and incorporates by reference paragraphs 1 through 455 above with the same force and effect as if fully set out in specific detail herein below.

457. The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Hill – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

A. Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

> 1. "…**Section 1.** (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.
> (b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

      **Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

•••

      (c) All employees of the county sheriff;

…"

B.     The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

    …
    c. All employees of the County Sheriff;"

    …

Page 48

"Appendix 2:

HARASSMENT POLICY
•••

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to

one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

458.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

459.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

460.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

461.   Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray

enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

462.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

463.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

464.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

465.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

466.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from him and the other adverse employment actions set forth above were taken against Deputy Gray.

467.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

468.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

469.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory,

Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

470.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

471.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

472.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing

acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

473.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

474.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

475.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

476.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

477.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory

damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

478.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

<u>**COUNT XVIII**</u>
<u>**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST COMISSIONER HILL IN HIS INDIVIDUAL CAPACITY**</u>
**(ASSERTED VIA 42 U.S.C. §1983)**

479.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 478 above with the same force and effect as if fully set out in specific detail herein below.

480.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Haraway – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

A.   Act No. 941 of the  1973 Regular Session of the Alabama

Legislature provides, in pertinent part:

1.   "…**Section 1.**   (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

(c) All employees of the county sheriff;

…"

B.   The Madison County Employee Handbook, adopted by the

Madison County, Alabama Personnel Board on June 11, 2015, which was also

adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official

policy and custom, and which was in effect and applicable at all times material to

this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…

c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
…

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

481.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.
Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of

the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

482.    As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

483. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,

Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

484.   Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

485.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

486.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's

unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

487.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

488.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

489.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

490.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

491.   Deputy Gray made reasonable and good faith complaints and reports

of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

492.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

493.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

494.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42

U.S.C. §1983.

495.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

496.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

497.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

498.   Commissioner Hill, in his individual capacity, is not afforded Immunity protection because, as stated above, a reasonable official/person in his

respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

499.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

500.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

501.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

502.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## **COUNT XIX**

## <u>CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH AMENDMENT AGAINST COMISSIONER VANDIVER IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE COMMISSION</u><br>(ASSERTED VIA 42 U.S.C. §1983)

503.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 502 above with the same force and effect as if fully set out in specific detail herein below.

504.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Vandiver – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

A.   Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

> 1.   "…**Section 1.**   (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.
>
> (b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….
>
> …

**Section 4.**    The provision of this Act shall apply to the following officers and employees in the service of the county:

…

(c) All employees of the county sheriff;

…"

B.    The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…
c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
…

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-

3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

505.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.
***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct***

_**supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.**_"

506.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

507.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

508.  Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior

and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief
Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing
Chief Deputy Sheriff's Jernigan's unlawful behavior.

509.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director
Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,
Madison County's, and the Commission's joint actions and behavior ratified,
confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or
by not adequately investigating Sheldon's unlawful behavior.

510.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director
Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,
Madison County's, and the Commission's joint actions and behavior enabled Sgt.
Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's
unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful
behavior.

511.   Sheriff  Dorning's,  Chief  Deputy  Sheriff  Jernigan's,  Director
Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's,
Madison County's, and the Commission's joint actions and behavior ratified,
confirmed, and affirmed Deputy King's unlawful behavior by not investigating
and/or by not adequately investigating Deputy King's unlawful behavior.

512.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell,

Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

513.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

514.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

515.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

516.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission

jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

517.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

518.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

519.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments

actions set forth above.

520.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

521.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

522.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

523.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

524.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of

securing adequate relief.

525.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT XX**
**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY**
**TREATMENT, HOSTILE WORKING ENVIRONMENT, AND**
**RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH**
**AMENDMENT AGAINST COMISSIONER VANDIVER IN HIS**
**INDIVIDUAL CAPACITY**
**(ASSERTED VIA 42 U.S.C. §1983)**

526.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 525 above with the same force and effect as if fully set out in specific detail herein below.

527.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Haraway – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

      A.    Act No. 941 of the  1973 Regular Session of the Alabama

Legislature provides, in pertinent part:

      1.    "…**Section 1.**    (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

      (b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

      **Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

      (c) All employees of the county sheriff;

…"

      B.    The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…

c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
…

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

528.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.
Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County

Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment ***must immediately*** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

***There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment.***"

529.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

530. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse

employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

531. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

532. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

533. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful

behavior.

534.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

535.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

536.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

537.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

538.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in

the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy filed his Charges with the EEOC.

539.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

540.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

541. Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

542.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

543.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

544.   Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

545.   Commissioner Vandiver, in his individual capacity, is not afforded Immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions

would violate a constitutional right and/or statutory right that was "clearly established" at the time of the violations described herein.

546.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

547.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

548.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

549.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## COUNT XXI
## CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY TREATMENT, HOSTILE WORKING ENVIRONMENT, AND RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH

## AMENDMENT AGAINST COMISSIONER RIDDICK IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE COMMISSION (ASSERTED VIA 42 U.S.C. §1983)

550.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 549 above with the same force and effect as if fully set out in specific detail herein below.

551.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Vandiver – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

A.      Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1.      "…**Section 1.**      (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

      (c) All employees of the county sheriff;

…"

B.    The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

<u>Page 71 Section 4</u>.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…
c. All employees of the County Sheriff;"

…

<u>Page 48</u>

"Appendix 2:

HARASSMENT POLICY
**…**

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that

they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

552. On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment **_must immediately_** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

**_There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment._**"

553.  As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

554.  Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified, confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

555.  Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief

Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

556.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

557. Sheriff  Dorning's,  Chief  Deputy  Sheriff  Jernigan's,  Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

558.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

559.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison

County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

560.   Moreover, in retaliation and as discrimination for his opposition to and complaints of sexual harassment and sexual discrimination, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

561.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

562.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment, sexual discrimination, and a sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and management. Deputy Gray filed his Charges with the EEOC.

563.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as

set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

564.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

565.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

566.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

567.   The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

568.   Deputy Gray suffered damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

569.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

570.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

571.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

572.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

**COUNT XXII**
**CLAIMS OF DISCRIMINATION, DISPARATE DISCIPLINARY**
**TREATMENT, HOSTILE WORKING ENVIRONMENT, AND**
**RETALIATION IN VIOLATION OF TITLE VII AND THE FOURTEENTH**
**AMENDMENT AGAINST COMISSIONER RIDDICK IN HIS**
**INDIVIDUAL CAPACITY**
**(ASSERTED VIA 42 U.S.C. §1983)**

573.   Deputy Gray realleges and incorporates by reference paragraphs 1 through 572 above with the same force and effect as if fully set out in specific detail herein below.

574.   The Sheriff's Dept.'s; Madison County's; and, the Commission's (the Commission is comprised of all of the elected Madison County, Alabama Commissioners including, but not limited to, Commissioner Haraway – collectively referred to herein as "the Commission") policies and procedures for their employees to follow regarding complaining about and reporting harassment are, in pertinent part:

      A.    Act No. 941 of the  1973 Regular Session of the Alabama Legislature provides, in pertinent part:

1.     "…**Section 1.**     (a) In Madison County, there is hereby created and established a personnel department for the government and control of all employees and appointees holding position in the classified service, as defined in Section 4.

(b) The personnel department shall consist of a personnel board and a personnel director. The personnel board shall consist of three members, one to be appointed as a joint appointee by the Sheriff of the County….

…

**Section 4.**   The provision of this Act shall apply to the following officers and employees in the service of the county:

**…**

(c) All employees of the county sheriff;

…"

B.     The Madison County Employee Handbook, adopted by the Madison County, Alabama Personnel Board on June 11, 2015, which was also adopted, ratified, confirmed, and followed by the Sheriff's Dept. as its official policy and custom, and which was in effect and applicable at all times material to this case, provided, in pertinent part:

Page 71 Section 4.

"The provisions of this Act shall apply to the following officers and employees in the service of the county:

…

c. All employees of the County Sheriff;"

…

Page 48

"Appendix 2:

HARASSMENT POLICY
...

Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256)532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse. If for any reason an individual feels that they cannot talk with Howell, Flory or Jones, reports should be made to Madison County Commission Chairman Dale Strong (256) 532-3492…

…"

575.   On or about December 15, 2016, a new Madison County Employee Handbook was adopted, ratified, confirmed, and followed by the Sheriff's Dept., Madison County, and the Commission as their official policy and custom which states:

"Madison County is committed to providing a work environment that is free from all forms of discrimination and conduct that can be considered harassing, coercive, or disruptive, including sexual harassment. Actions, words, jokes, or comments based on an individual's sex, race, color, national origin, age, religion, disability, or any other legally protected characteristic will not be tolerated.
Anyone who believes that he or she is being sexually harassed, or who is aware of behavior that may violate this policy, should report this to one of the following individuals: Personnel Director, Jermie Howell (256) 532-3614, Deputy Personnel Director, Pam Flory (256) 532-3614 or County Administrator, Kevin Jones (256) 532-3492. The offices of Howell, Flory and Jones are located on the 7th floor of the Madison County Courthouse.

Any supervisor or Department Head who becomes aware of possible sexual or other unlawful harassment **must immediately** advise the County Administrator or Personnel Director so it can be investigated in a timely and confidential manner. Any supervisor who fails to make notification when harassment is observed or who is aware of the possibility of harassment and fails to make notification, will be subject to disciplinary action.

Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

**_There is no chain of command when it comes to reporting harassment of any kind. Employees are not obligated to notify their direct supervisor before contacting the County Administrator or the Personnel Director to file a claim of harassment._**"

576.   As set forth above, Deputy Gray was willfully and/or maliciously and/or with reckless disregard and/or deliberate intent discriminated against, retaliated against, and subjected to a hostile working environment by Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly on the basis of his opposing, reporting, and complaining about sexual harassment, sexual discrimination, and the sexually hostile working environment described above in violation of Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

577.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint decisions regarding the adverse employment actions taken against Deputy not only instigated, but ratified,

confirmed, and affirmed such unlawful discrimination and retaliation against Deputy Gray.

578. Sheriff Dorning's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint adverse employment actions taken against Deputy Gray enabled former Chief Deputy Sheriff Jernigan's unlawful discriminatory behavior and retaliation against Deputy Gray by ratifying, confirming, and affirming Chief Deputy Sheriff Jernigan's unlawful behavior by not stopping and/or preventing Chief Deputy Sheriff's Jernigan's unlawful behavior.

579. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Sheldon's unlawful behavior by not investigating and/or by not adequately investigating Sheldon's unlawful behavior.

580. Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior enabled Sgt. Rutherford's behavior by ratifying, confirming, and affirming Sgt. Rutherford's unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

581.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's joint actions and behavior ratified, confirmed, and affirmed Deputy King's unlawful behavior by not investigating and/or by not adequately investigating Deputy King's unlawful behavior.

582.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly enabled Sgt. Rutherford's, Sheldon's, and Deputy King's behavior by ratifying, confirming, and affirming their unlawful behavior by not stopping and/or preventing Sgt. Rutherford's unlawful behavior.

583.   Moreover, in retaliation and in discrimination for his opposition to and complaints of sexual harassment, Deputy Gray's vehicle was taken away from her and the other adverse employment actions set forth above were taken against Deputy Gray.

584.   Deputy Gray was subjected to disparate disciplinary treatment due to his having reported and complained about the violations of policy and procedure and the law as set forth above.

585.   Deputy Gray made reasonable and good faith complaints and reports of the sexual harassment and sexually hostile working environment in the Sheriff's Dept., Madison County, and the Commission to multiple levels of supervision and

management. Deputy filed his Charges with the EEOC.

586.   Thereafter, in response to his complaints and reports of sexual harassment and working in a sexually hostile working environment, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly subjected Deputy Gray to ongoing acts of retaliation and discrimination as set out above. Deputy Gray was subjected to an unlawful retaliatory hostile work environment.

587.   Additionally, in retaliation for his participation in filing a Charge Of Discrimination with the EEOC, Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly have denied Deputy Gray rehire and/or hiring opportunities with SWAT.

588.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission thus have jointly violated the proscriptions against retaliation, sexual harassment, and discrimination found in Title VII and the equal protection of the laws, the Fourteenth Amendment, through the vehicle of 42 U.S.C. §1983.

589.   Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell,

Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission jointly failed to take effective remedial action to end the retaliatory hostile environment, and instead the retaliatory hostile environment continued and escalated with Deputy Gray's being retaliated against and discriminated against in response to his complaints of retaliation. These ongoing acts of retaliation included, but are not limited to, those adverse employments actions set forth above.

590.    The joint unlawful conduct of Sheriff Dorning, Chief Deputy Sheriff Jernigan, Director Howell, Deputy Director Flory, Chairman Strong, the Sheriff's Department, Madison County, and the Commission as described above was done with malice and/or reckless disregard of and/or deliberate indifference to Deputy Gray's federally protected rights.

591.    Deputy Gray suffered damages and continues to suffer damages as a proximate result of these violations, which were caused by governmental policy and/or custom with deliberate indifference to Deputy Gray's rights and/or deliberate indifference to those violations.

592.    Commissioner Vandiver, in his individual capacity, is not afforded Immunity protection because, as stated above, a reasonable official/person in his respective position would have known, or should have known, that his actions would violate a constitutional right and/or statutory right that was "clearly

established" at the time of the violations described herein.

593.   Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's conduct as described above caused and is still causing Deputy Gray emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and humiliation.

594.   Deputy Gray has been further damaged in that he has lost income, both past and future and benefits.

595.   Deputy Gray has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for injunctive relief, compensatory damages, punitive damages, and a declaratory judgment is his only means of securing adequate relief.

596.   Deputy Gray is suffering and will continue to suffer irreparable injury from the Sheriff Dorning's, Chief Deputy Sheriff Jernigan's, Director Howell's, Deputy Director Flory's, Chairman Strong's, the Sheriff's Department's, Madison County's, and the Commission's unlawful conduct as set forth herein unless enjoined by this Court.

## DEPUTY GRAY'S PRAYER FOR RELIEF AS TO EACH COUNT OF THIS HIS COMPLAINT (COUNTS I THROUGH XXII)

**WHEREFORE**, Deputy Gray respectfully prays that this Court assume jurisdiction of this action and after trial:

A.     Grant Deputy Gray a permanent injunction enjoining the Sheriff's Dept., Sheriff Dorning, Madison County, and the Commission, their agents, successors, employees, attorneys and those acting in concert with them and at their request from continuing to violate Title VII and/or the equal protection of the laws, the Fourteenth Amendment.

B.     Grant Deputy Gray an order requiring the Sheriff's Dept., Sheriff Dorning, Madison County, and the Commission to make him whole by awarding him instatement into the position he would have occupied in the absence of retaliation and/or discrimination by the Sheriff's Dept., Sheriff Dorning, Madison County, and the Commission with the same seniority, leave and other benefits (or front pay), and back pay (with interest), and by awarding Deputy Gray compensatory damages for emotional distress, punitive damages, and/or nominal damages.

C.     By awarding Deputy Gray compensatory damages for emotional distress, punitive damages, and/or nominal damages against all of the Defendants on all issues and claims which allow such damages.

D.     Where issues and damages are triable by a jury, Deputy Gray leaves to the discretion of the jury the amount of compensatory and the amount of punitive damages to be awarded to him.

E.     Deputy Gray further prays for such other relief and benefits as the law allows and provides for and the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses.

Respectfully submitted,

/s/*Michael L. Weathers*

Michael L. Weathers
Counsel for Deputy Gregory Gray, II
101 Courtview Towers
Florence, Alabama 35630-5417
(256) 764-1318 Telephone
(256) 764-1319 Facsimile
michael.l.weathers@comcast.net


**PLAINTIFF DEPUTY GREGORY GRAY, II DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY**


/s/*Michael L. Weathers*

Michael L. Weathers